IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHRISTOPHER M. EVANS and. | ) | Judge Jack B. Schmetterer |
| JUNE R. LICATA-EVANS | ) | |
| | ) | Case No. 09-40000 |
| Debtors and Debtors in Possession. | ) | |
| | ) | Hearing: February 9, 2010 |

**DEBTORS' JOINT PLAN OF REORGANIZATION**

This Amended Plan of Reorganization ("Plan") is filed jointly by Debtors Christopher M. Evans and June R. Licata-Evans (collectively referred to as "Debtors"), pursuant to Title 11 of the United States Code, § 1121(a), on February 5, 2010. Debtors intend to continue to reside at their current residence and use income generated over the life of this plan to pay the full allowed claims of their creditors, as set forth herein.

**CONTENTS**

| | | |
|---|---|---|
| ARTICLE I | - | Definitions |
| ARTICLE II | - | Construction |
| ARTICLE III | - | Classification of Claims |
| ARTICLE IV | - | Treatment of Claims Not Impaired Under the Plan |
| ARTICLE V | - | Treatment of Claims that are or may be Impaired by the Plan |
| ARTICLE VI | - | Allowance and Disallowance of the Claim |
| ARTICLE VII | - | Implementation of the Plan |
| ARTICLE VIII | - | Effects of Confirmation and Performance |
| ARTICLE IX | - | Transfers of Claims |
| ARTICLE X | - | Executory Contracts and Unexpired Leases |
| ARTICLE XI | - | Retention, Enforcement, Settlement or Adjustment of Claims Belonging to the Debtor or to the Estate |
| ARTICLE XII | - | Modification of the Plan |
| ARTICLE XIII | - | Jurisdiction of the Court |
| ARTICLE XIV | - | Confirmation of Plan |

**ARTICLE I**
<u>DEFINITIONS</u>

1.00 The following terms, when used in the Plan, shall, unless the context otherwise requires, have the meanings specified below:

1.01 ADMINISTRATIVE CLAIM: An administrative expense which is entitled or purportedly is entitled to priority pursuant to § 507(a)(1) of the Code, including any actual and necessary expenses of preserving the estate and any actual and necessary expenses of operating the Debtor's business from and after the commencement of these reorganization proceedings, for which application for allowance has been filed prior to the Effective Date or such other date or dates as the Court determines.

1.02 ALLOWANCE DATE: The date an order of Court allowing a Claim in this Chapter 11 case has become final and non-appealable and no appeal therefrom is pending.

1.03 ALLOWED ADMINISTRATIVE CLAIM: An Administrative Claim as the same is allowed, approved and ordered paid by the Court.

1.04 ALLOWED CLAIM: A claim (i) a proof of or application for which is filed within the time fixed by the Court or, if the claim arose out of the rejection of an executory contract or unexpired lease, within the time fixed by the Court or as provided in Article IX of the Plan; or (ii) that has appeared, or hereafter appears, in the final schedules filed by the Debtors under § 521(1) of the Code, except a claim that is disputed, contingent or unliquidated as to amount and, in each case, to which no objection to the allowance thereof has been filed within the applicable period fixed by the Court, or as to which the order of Court allowing such claim has become final and non-appealable and no appeal therefore is pending. Allowed Claim includes Allowed Secured Claims and Allowed Priority Tax Claims. Allowed Claim shall not include any Allowed Administrative Claim.

1.05 ALLOWED SECURED CLAIM: An Allowed Claim to the extent that it is determined by the Court to be secured by a valid and subsisting lien, security interest or other encumbrance (other than any liens, security interests or other encumbrances granted under the Plan) on property in which the Debtors has an interest which is not void or voided under applicable state or federal law, including the Code, or that is subjected to setoff under § 533 of the Code.

1.06 CASE: The Chapter 11 case of CHRISTOPHER EVANS and JUNE LICATA-EVANS, initiated as a voluntary chapter 11 case under the Bankruptcy Code by the Debtor on October 23, 2009.

1.07 CLAIMS: All obligations and liabilities of the Debtors of every kind and nature incurred prior to the Confirmation Date, including without limitation, liquidated and unliquidated claims, disputed and undisputed claims, contingent and unconditional claims, allowed and disallowed claims, Secured Claims, and Priority Tax Claims.

1.08 CODE: Title 11 of the United States Code 11 U.S.C. §§ 101 et seq. and amendments thereto.

1.09   COMMITTEE:  The creditor's committee as now or hereafter constituted which was or may be appointed in this case.

1.10   CONFIRMATION DATE:  The date of the entry by the Court of an order confirming the Plan.

1.11   COURT:  The United States Bankruptcy Court, a unit of the United States District Court, for the Northern District of Illinois, Eastern Division (Bankruptcy Court), including the United States Bankruptcy Judge presiding in this case or, as appropriate or required, the United States District Court for said District and Division (District Court), and any Court having competent jurisdiction to hear appeals therefrom.

1.12   CREDITORS: All persons and entities holding or purporting to hold claims. Creditors shall include Secured Creditors.

1.13   DEBTORS: CHRISTOPHER EVANS and JUNE LICATA-EVANS, married individuals residing in Oak Park, Illinois.

1.14   EFFECTIVE DATE:  The date on which the order confirming the Plan becomes final and non-appealable and on which date no such appeal is pending.

1.15   EQUITY INTEREST:  Debtors' equitable interest in any real or personal property as of the Confirmation Date.

1.16   INSIDER:   Any director of the Debtor, officer of the Debtor, person in control of the Debtor, partnership in which the Debtor is a general partner, general partner of the Debtor or relative of a general partner, director, officer, or person in control of the Debtor.

1.17   INSIDER'S CLAIM:  Every Claim of every Insider except Claims found upon a right of subrogation, exoneration or contribution for payment by an Insider of all or part of an Allowed Claim of a Creditor other than an Insider.

1.18   INTEREST:  Unless otherwise expressly stated in the Plan, interest shall mean simple interest at the specified annual rate.  Where daily calculations are applicable or appropriate, the per diem rate shall be calculated on the basis of the number of days in the actual calendar year or month as the case may be.

1.19   PLAN: DEBTORS' JOINT PLAN OF REORGANIZATION as set forth herein or as it may be modified or amended.

1.20   PRIORITY CLAIM:  An Allowed Claim other than an Allowed Administrative Claim or an Allowed Priority Tax Claim to the extent that the Court determines that such claim is entitled to priority treatment under § 507 of the Code.

1.21   PRIORITY TAX CLAIM:  A Claim entitled to or purportedly entitled to priority pursuant to § 507(a)(8) of the Code.

3

1.22    SECURED CLAIM:  A Claim secured or purporting to be secured in whole or in part by a lien, security interest or other encumbrance (other than any liens, security interest or other encumbrances granted under the Plan) on property in which the Debtor has an interest (herein called the Collateral) which is not void or voidable under applicable state or federal law, including the Code, or that is subject to setoff under § 553 of the Code.

1.23    SECURED CREDITOR:  A Creditor having an Allowed Secured Claim.

## ARTICLE II
### CONSTRUCTION

2.00    Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Code and in the Rules of Bankruptcy Procedure.

2.01    The table of contents, Article and Section captions used in the Plan are for convenience only, and shall not affect the construction of the Plan.

2.02    In the event of ambiguity or uncertainty, the Plan shall be liberally construed in light of the circumstances then preset to best effectuate the polices and rehabilitative purposes of the Bankruptcy Code and especially Chapter 11 thereof.

## ARTICLE III
### CLASSIFICATION OF CLAIMS

3.00    UNCLASSIFIED CLAIMS:  Unclassified Claims shall be Allowed Administrative Claims, including fees owing to professionals whose employment has been approved by the Court, and statutory fees owing to the U.S. Trustee, and all Allowed Priority Tax Claims.

3.01    CLASS I CLAIMS:  Class I Claims shall be the Allowed Secured Claim held by GMAC Mortgage, LLC and secured by real property located at 842 N. Oak Park Ave., Oak Park, IL.

3.02    CLASS II CLAIMS: Class II Claims shall be the Allowed Secured Claim held by E*Trade and secured by real property located at 842 N. Oak Park Ave., Oak Park, IL.

3.03    CLASS III CLAIMS:  Class III Claims shall be all Allowed Secured Claims secured by real property located at 1897 Almagro Lane, Escondido, CA.

3.04    CLASS IV CLAIMS:  Class IV Claims shall be all Allowed Unsecured Claims Entitled to Priority by the Bankruptcy Code, 11 U.S.C. §507(a)(1) – (10), except administrative Expense claims under § 507(a)(2).

4

      3.05    CLASS V CLAIMS:  Class V Claims shall be all Allowed General Unsecured Claims without Priority (excluding Unclassified Claims as defined above), as the same are allowed, or after objection approved and ordered to be paid by the Court.  Class V claims shall also include, without limitation:  all claims that may arise out of the rejection of executory contracts; all claims of Secured Creditors to the extent that the Court finds their Claims unsecured in whole or in part, and all Claims of Secured Creditors who otherwise elect to participate in whole or in part as Class IV Unsecured Creditors, upon filing of an appropriate proof of claim as may be allowed by the Court.

## ARTICLE IV
### TREATMENT OF CLAIMS NOT IMPAIRED BY THE PLAN

      4.00    Unclassified Claims are presumed unimpaired under the Plan.

      4.01    Holders of unpaid Unclassified Allowed Administrative Claims shall, on the Effective Date, receive on account of such claims cash equal to the allowed amounts of such claims, except to the extent that a holder of such Claim agrees to accept different treatment.

      4.02    Holders of unpaid tax priority Claims shall receive cash equal to the allowed amounts of such claims within the five years of the Plan, except to the extent that the holder of such Claim agrees to accept different treatment.

      4.03    United States Trustee Fees, required to be paid by 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

      4.04    Court Appointed Professionals:  All fees of Debtor's court-appointed professionals, as approved by the Court, shall be paid in full no later then six months after the Effective Date, at the rate of 16.66% per month.

      4.05    CLASS I CLAIMS: The holder of the Class I Secured Claim, GMAC Mortgage, LLC, to the extent its claim is allowed and not previously paid, will be paid in full through operation of Debtors' abandonment in the first half of year 2010, of the real property located at 842 Oak Park Ave., Oak Park, IL, which secures all Class I claims.

      4.06    CLASS II CLAIMS: The holder of the Class II Secured Claims, E*Trade, to the extent its claims are allowed and not previously paid, will be paid in full through operation of Debtors' abandonment in the first half of year 2010,  of the real property located at 842 Oak Park Ave., Oak Park, IL, which secures all Class II claims.

      4.07    CLASS III CLAIMS: The holders of the Class II Secured Claims, E*Trade and Countrywide Home Lending, to the extent the claims are allowed and not previously paid, will be paid in full through operation of Debtors' immediate abandonment of the real property located at 1897 Almagro Lane, Escondido, CA, which secures all Class III claims.

    4.08    CLASS IV CLAIMS:  The holder of the Class IV Unsecured Priority Claim, the Internal Revenue Service, to the extent it is allowed and not previously paid, will be paid 100% after Class I, Class II , and Class III Claims are paid in full.  Funds to pay Class IV will be drawn from the income of the Debtors.

    4.09     All other claims are presumed to be impaired.

## ARTICLE V
## TREATMENT OF CLAIMS THAT ARE OR MAY BE IMPAIRED UNDER THE PLAN

    5.01    CLASS V CLAIMS:  The holders of all Class V General Unsecured Claims without Priority, to the extent their claims are allowed, or after objection are approved and ordered to be paid by the Court in specific liquidated amounts, will be paid 10% of their allowed claims, with payments following the full payments of the Class I, Class II, Class III, and Class IV allowed claims.  Funds to pay Class V will be drawn from the income of the Debtors.

## ARTICLE VI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

    6.01    Disputed Claims: A disputed claim is a claim that has not been allowed in a specific amount or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated, or has objected the claim for any other reason.

    6.02    Delay of Distribution on a Disputed Claim:  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

    6.03    Settlement of Disputed Claims:  The Debtors will have the power and authority to settle and compromise a disputed claim prior to confirmation with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

    6.04    The Debtors shall have the right to object to claims for 90 days after confirmation of the Plan.

## ARTICLE VII
## IMPLEMENTATION OF THE PLAN

    7.00[A] MANAGEMENT, OWNERSHIP, OPERATIONS:  After confirmation, the Debtors will continue to possess their assets and to manage their affairs. The Debtors shall have the right to develop their business, to negotiate and enter into contracts, to purchase equipment, to incur new indebtedness, to enter into partnerships and joint ventures, to hire and fire professionals, to settle claims, and to pay post-petition creditors on a current basis without further order of court.

  7.01 FUNDING:  Pursuant to 11 USC 1123, payments required under the Plan shall be funded from the income of the Debtors.

  7.02 SURRENDER OF ASSETS:  Any assets may be surrendered to the holder of the Allowed Secured Claims secured by such asset in satisfaction of such claim to the extent the parties agree, or if no agreement is reached, after notice and hearing before the Court.

  7.03 DISTRIBUTION TO CREDITORS:  The Debtors, as individuals, shall be responsible for making all distributions and other payments required under this Plan.

  7.04[A] DISPUTED CLAIMS:  In the event that a Non-Tax Claim is not allowed by the Court until after one or more distributions or payments otherwise would have been due under the Plan on account of such Claim, then, every such payment or payments, which would have been due earlier to that Creditor, shall be made within ninety (90) days after the Allowance Date of such Claim.

  7.04[B]  In the event that a dispute arises as to a Priority Tax Claim, the Debtors shall continue to remit such payments as though no such dispute has occurred, until such time as the dispute is resolved.

  7.05 REPORTS:  Pursuant to the requirements of Bankruptcy Rule 2015(a)(5), the Debtors shall file written reports of the distributions made under the Plan, and serve copies of the reports on the U.S. Trustee.

  7.06 CLOSING THE CASE:  When the Plan has been substantially completed, Debtors shall make a motion in the court to close the case.

  7.07[A] NOTICES:  Unless the Court orders otherwise, all notices required to be given to the Debtors shall be delivered to Christopher Evans and June Licata-Evans at the address listed in the Schedules, and to the attorney of record for the debtor.  At the time of confirmation, Debtors' attorney of record is:  Forrest L. Ingram, Forrest L. Ingram, P.C., 79 W. Monroe, Suite 900, Chicago, IL 60603.  Copies of notices to the Debtor shall also be served upon the United States Trustee.

  7.07[B]  Unless the Bankruptcy Court, the Bankruptcy Rules, or the Local Rules require other and further notice, notice shall be deemed sufficient if given to the Debtors, the U.S. Trustee, the Attorney for the Debtors, and every holder of an Allowed Secured Claim directly and materially affected by the matter which is the subject of the notice.  Notice to all interested persons shall not be necessary, except in the event of a general and material modification of the Plan for which a general vote of creditors is required by the Code.

**ARTICLE VIII**
EFFECTS OF CONFIRMATION AND PERFORMANCE

7

8.00 In addition to any other effects of confirmation set forth in 11 U.S.C. § 1141 or arising under any other law or out of the Plan:

(i)  Confirmation of the Plan shall bind to the provisions of the Plan, the Debtors, every creditor and every equity security holder, whether of not any claim or interest of any such creditor or equity security holder is impaired under the Plan, and whether or not any such creditor or equity security holder has accepted the Plan.

(ii)  Confirmation of the Plan shall vest all of the property of the Debtors' estate in the Debtors.

(iii)  All property dealt with by the Plan shall be free and clear of claims and interests of creditors and equity security holders, except as otherwise expressly provided in the Plan.

## ARTICLE IX
## TRANSFERS OF CLAIMS

9.00    In the event that any Creditor shall transfer his Claim, it shall deliver to the Debtors and his attorney, by certified United States Mail written notice of such transfer, including the name and address of the transferee.  The Debtors shall be entitled to assume that no transfer of any Claim has been made until the Debtors shall have so received such written notice to the contrary.  Each transferee of any Claim shall take such Claim subject to the provisions of the Plan and to any request made, waiver or consent given, or other action taken hereunder; and, except as expressly provided in such notice, the Debtors shall be entitled to assume conclusively that the transferee named in such notice shall thereafter be vested with all rights and powers under the plan of the transferor with respect thereto.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.00   The Debtors do not assume or reject any executory contracts or unexpired leases.

10.01   Any person or entity claiming rights under any executory contract or unexpired lease, rejected pursuant to the provisions of this Article, shall have until the later of thirty (30) days after the Effective Date, or the rejection of such executory contract or unexpired lease, to file a proof of claim in this Chapter 11 case, or such additional time as the Court, before that date, may allow.

## ARTICLE XI
## RETENTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT
## OF CLAIMS BELONGING TO THE DEBTORS OR TO THE ESTATE

11.00   The Debtors shall retain and have the right to enforce all causes of action, previously known or unknown, if any, existing in favor of the estate.  The Debtors shall have the

right to employ such attorneys, accountants, or other experts as may be necessary to enforce the causes of action retained here.

## ARTICLE XII
## MODIFICATION OF THE PLAN

12.00   The Debtors may propose modifications to the Plan, at any time before confirmation, provided that such Plan as modified meets the requirements of § 1122 and § 1123 of the Code, and the Debtors shall have complied with § 1125 of the Code.

12.01   A holder of a claim or interest that has accepted or rejected the Plan shall, upon modification of the Plan, be deemed to have accepted or rejected the Plan as modified unless, within the time fixed by the Court, such holder changes such holder's previous acceptance or rejection.

## ARTICLE XIII
## JURISDICTION OF THE COURT

13.00   Until this Chapter 11 case is closed, the Court shall retain jurisdiction over all matters, including but not limited to the following:

13.01   The classification or subordination of the claims of any creditor and re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed against creditors' claims.  (The failure by the Debtors to object to, or to examine any claims for the purpose of voting, shall not be deemed to be a waiver of the Debtors' rights to object to, or re-examine the claim in whole or in part.)

13.02   The determination of all questions and disputes regarding title to the assets of the estate, and determinations of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtors and any other party, including but not limited to, any right of the Debtors to recover assets pursuant to the provisions of Title 11 of the United States Code.

13.03   The completion or adjudication of any and all adversary or contested proceedings now or hereafter arising.

13.04   The entry or enforcement of any and all orders, including injunctions, necessary to enforce the title, rights, and powers of the Debtors and to impose such limitations, restrictions, terms and condition of such title, rights and powers as the Court may deem necessary.  A violation of any provision of the Plan shall constitute a violation of the Order Confirming the Plan.

13.05   The correcting of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan, or the order of confirmation, or any other order entered by this Court as may be necessary to carry out the purposes of this Plan.

13.06   Any necessary interpretation or enforcement of the terms and conditions of this plan and any order entered by this Court.

13.07   Any order or other actions necessary to protect or preserve any assets or proceeds being administered under the Plan.

13.08   The entry of an order concluding and terminating the case.

## ARTICLE XIV
### CONFIRMATION OF THE PLAN

14.00   The Debtors submit that all of the applicable requirements of subsection (a) of § 1129 of the United States Bankruptcy Code are met with respect to the Plan, that it has been proposed in good faith and not by any means forbidden by law, and that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan.

14.01   Should the Debtors fail to receive sufficient votes to confirm a plan under § 1129(a), the Debtor will nevertheless ask the Court to confirm the plan under § 1129(b)

Respectfully submitted,

CHRISTOPHER EVANS and
JUNE LICATA-EVANS

By:   /s/ Philip Groben
One of their attorneys

Forrest L. Ingram
Philip Groben
Vik Chaudhry
Michael V. Ohlman
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900
Chicago, IL 60603-4907
(312) 759-2838
Atty. No. 3129032

10