IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHRISTOPHER M. EVANS and. | ) | Judge Jack B. Schmetterer |
|    JUNE R. LICATA-EVANS | ) | |
| | ) | Case No. 09-40000 |
|    Debtors and Debtors in Possession. | ) | |
| | ) | Hearing: February 9, 2010 |

**DISCLOSURE STATEMENT FOR THE DEBTORS' JOINT PLAN PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

This Disclosure Statement ("Disclosure Statement") is filed by Debtors Christopher M. Evans and June R. Licata-Evans (collectively referred to as "Debtors"), dated February 5, 2010, in connection with the Debtors' Plan of Reorganization ("Plan") also filed by the Debtors on February 5, 2010. This Disclosure Statement is intended to provide creditors with information of a kind and in sufficient detail of the Debtors' history and of the condition of Debtors' books and records to allow creditors to make an informed judgment when voting on the Plan. Creditors are advised that, after review, the Court may approve the Disclosure Statement, but such approval does not constitute endorsement.

**I. SUMMARY:**

On October 23, 2009 (the "Petition Date), Debtors filed a voluntary petition under chapter 11 of the United States Bankruptcy Code (the "Code"). The Debtors remain in possession of their assets and continue to generate income pursuant to Code sections 1107 and 1108. Christopher Evans is currently employed by Adobe Systems, Inc. June Licata-Evans is currently unemployed.

1

The Debtors are proposing a five year plan of reorganization. The Plan will be funded from future revenues generated from the employment of Christopher Evans ad June Licata Evans. Pursuant to the plan, the Debtors will be the disbursing agent. In the Plan, claims are divided into Unclassified, Class I, Class II, Class III, Class IV, and Class V. A summary of treatment of the Classes is shown below:

| CLASS | PLAN TREATMENT | PROJECTED RECOVERY | STATUS | VOTING RIGHTS |
|---|---|---|---|---|
| Administrative claims | Payment in full in case | 100% | N/A | N/A |
| Class I – Claim of GMAC Mortgage, LLC secured by real property located at 842 N. Oak Park Ave., Oak Park, IL | Property is to be abandoned and secured claim satisfied in full through repossession of property | 100% | Unimpaired | No (presumed to accept) |
| Class II – Claim of E*Trade secured by real property located at 842 N. Oak Park Ave., Oak Park, IL | Property is to be abandoned and secured claim satisfied in full through repossession of property | 100% | Unimpaired | No (presumed to accept) |
| Class III - Claims secured by real property located at 1897 Almagro Lane, Escondido, CA | Property is to be abandoned and secured claim satisfied in full through repossession of property | 100% | Unimpaired | No (presumed to accept) |
| Class IV – Priority creditors | Payment in full through operation of plan | 100% | Unimpaired (paid in full) | No (Presumed to accept) |
| Class V – General unsecured creditors | Pro rata share of distributions | 10% | Impaired | Yes |

Creditors who have been listed on Debtors' schedules, but have not filed proofs of claim and have not been listed as "disputed, unliquidated, or contingent," will be paid according to the claim amount listed in the Debtors' schedules, unless the Debtors object to the claim within the time set forth in the Debtors' plan.

Class I is comprised of secured claims3-1 of GMAC Mortgage, LLC. Claim 3-1 is secured by the Debtors' residence located at 842 N. Oak Park Ave., Oak Park, IL. The Debtors intend to abandon the property in the first half of the year 2010, thereby fully satisfying the claims of Class I.

Class II is comprised of secured claim 10-1 filed by E*Trade Consumer Services. Claim 10-1 is secured by the Debtors' residence located at 842 N. Oak Park Ave., Oak Park, IL. The Debtors intend to abandon the property in the first half of 2010, thereby fully satisfying the claims of Class I.

Class III is comprised of two secured claims: the scheduled claim of Countrywide Home Lending and Claim 5-1 filed by E*Trade. Both claims are secured by real property located at 1897 Almagro Lane, Escondido, CA. The Debtors intend to immediately abandon the property, thereby fully satisfying the claims of Class III.

Class IV claims comprise all of the Unsecured Claims Entitled to Priority by the Bankruptcy Code, 11 U.S.C. §§ 507(a)(1) through (a)(10), to the extent that they are allowed.

Class V claims are the General Unsecured Claims not entitled to Priority (excluding Unclassified Claims as defined in the Debtors' Plan) to the extent they are allowed. Class V claims will receive payments only after the holders of Class I, II, III, and IV claims are paid in full for their allowed claims, including interest accrued on Class I, II, and III claims.

## II. FINANCIAL DIFFICULTIES AND BACKGROUND OF DEBTORS

In March, 2001, stock options in the form of 8000 shares of Adobe Systems, Inc. stock were granted to the Debtors; the stock fully vested in March, 2009. In August 2007, the Debtors moved from Escondido, California to Oak Park, Illinois after June Licata-Evans was accepted to The School of the Art Institute of Chicago on scholarship. The California home was kept as a long term investment. Within six months of leaving California, the real estate bubble burst. As the economy continued to worsen, the shares of Adobe Systems, Inc. also plummeted in value. The Debtors were forced to take on a large debt load in order to compensate for the decrease in asset value, and to keep their finances afloat until the Adobe Systems, Inc. shares vested.

### III. POST-PETITION ACTIVITIES

After filing a petition for relief under Chapter 11 of the Bankruptcy Code, the Debtors have maintained their residences and family operations.

**INSURANCE:** The Debtors are current with all post-petition premium payments for property and liability insurance.

**UTILITIES:** The Debtors are current with all post-petition utility payments.

**TAXES:** The Debtors are current with all post-petition taxes.

### IV: ASSETS

The following is a summary of the Debtors' assets at the time of filing:

**REAL ESTATE:** The Debtors owned the following real property: 842 North Oak Park Ave., Oak Park, IL which has an estimated fair market value of $553,500 and 1897 Almagro Lane, Escondido, CA which has an estimated fair market value of $468,000. Debtors intend to abandon 842 North Oak Park Ave., Oak Park, IL in the first half of 2010. Debtors intend to immediately abandon 1897 Almagro Lane, Escondido, CA.

**OPERATING ACCOUNTS:** The Debtor had a total of $3,920.28 in its operating accounts at the time of filing. Those funds have been expended.

## V: CLAIMS AND CREDITORS

**PROOFS OF CLAIM:** The following is a summary of the Proofs of Claim filed with the Clerk of the Bankruptcy Court against the Debtors' bankruptcy estate, sorted by claim number:

| CREDITOR NAME | CLAIM NUMBER | SECURED AMOUNT | PRIORITY AMOUNT | GENERAL UNSECURED | REMARKS |
|---|---|---|---|---|---|
| Discover Bank | 1-1 | $ 0.00 | $ 0.00 | $ 5,899.72 | No Objection |
| Discover Bank | 2-1 | $ 0.00 | $ 0.00 | $ 12,222.36 | No Objection |
| GMAC Mortgage, LLC | 3-1 | $553,598.60 | $ 0.00 | $ 0.00 | No Objection |
| IRS | 4-1 | $ 0.00 | $ 48,232.00 | $ 8,939.00 | No Objection |
| CLC Consumer Services (ETrade) | 5-1 | $249.631.32 | $ 0.00 | | No Objection |
| American Express Centurion Bank | 6-1 | $ 0.00 | $ 0.00 | $ 25,808.97 | No Objection |
| Chase Bank | 7-1 | $ 0.00 | $ 0.00 | $ 30,130.06 | No Objection |
| American Express Travel Services | 8-1 | $ 0.00 | $ 0.00 | $ 4,625.24 | No Objection |
| Discover Student Loans | 9-1 | $ 0.00 | $ 0.00 | $ 26,000.00 | No Objection |
| Consumer Services (ETrade) | 10-1 | $58574.73 | $ 0.00 | $ 0.00 | No Objection |

**DISPUTED CLAIMS:** The only claim listed in Debtors' schedules as being either "contingent, unliquidated, or disputed" is that of Nicor Gas for a claim amount of $297.00. The holder of that claim has not filed a proof of claim within the required time; therefore, pursuant to Bankruptcy Rule 3003(c)(2), the holder of that claim will not be entitled to vote or receive any distribution.

**CLAIMS OF CREDITORS THAT FILED NO PROOF OF CLAIM:** Claims of governmental units that arose prior to the petition date must be filed by 180 days after the order

5

for relief, and all other claims that arose prior to the case filing date were due to be filed by January 23, 2010. If a claim was scheduled by the Debtors as "disputed," "unliquidated," or "contingent" then the Debtors will object to any late filed proof of claim.

**CLASSIFICATION OF CLAIMS:** Unclassified Claims consist of Administrative Claims including, but not limited to: (a) claim of Debtors' Attorneys, in an amount as yet undetermined, but estimated at approximately $12,000.00; and (b) the statutory fees owing to the U.S. Trustee, in an amount as yet undetermined, but expected to be current at time of confirmation.

The remaining actual claims fall into the following classification, sorted by claim Classification:

| CREDITOR | AMOUNT | CLAIM NO. | CLASSIFICATION | REMARKS |
|---|---|---|---|---|
| GMAC Mortgage | $553,598.30 | 3-1 | Class I | No Objection |
| E*Trade | $58,874.73 | 10-1 | Class II | No Objection |
| Countrywide Home Lending | $491,324.00 | N/A | Class III | No Objection |
| E*Trade | $249,631.32 | 5-1 | Class III | No Objection |
| IRS | $48,232.00 | 4-1 | Class IV | No Objection |
| Discover Bank | $5,899.72 | 1-1 | Class V | No Objection |
| Discover Bank | $12,222.36 | 2-1 | Class V | No Objection |
| IRS | $8,939.00 | 4-1 | Class V | No Objection |
| American Express Centurion Bank | $25,808.97 | 6-1 | Class V | No Objection |
| Chase Bank | $30,130.66 | 7-1 | Class V | No Objection |
| American Express Travel | $4,625.24 | 8-1 | Class V | No Objection |
| Discover Student Loans | $26,000.00 | 9-1 | Class V | No Objection |
| Citi | $13,538.00 | N/A | Class V | No Objection |
| CitiFinancial Retail | $3,800.00 | N/A | Class V | No Objection |
| Law Offices of Jeffry Leving | $5,520.00 | N/A | Class V | No Objection |
| Orange County Credit Union | $500.00 | N/A | Class V | No Objection |
| Nicor Gas | $297.00 | N/A | N/A | Disputed Claim |

6

## VI. THE PLAN

The Debtors expect to continue in their day–to-day activities of working and maintaining their family, having proposed in good faith a feasible plan under § 1129(a) to satisfy their secured creditors, priority unsecured creditors, and general unsecured creditors, and other holders of allowed claims. The plan provides that, should the Debtors fail to obtain the votes requires to confirm a consensual plan, they will nevertheless ask the Court to confirm the plan under § 1129(b) as being fair, reasonable, and in accordance with Code provision.

### CLASS I CLAIM: ALLOWED CLAIM OF GMAC MORTGAGE SECURED BY REAL PROPERTY LOCATED AT 842 N. OAK PARK AVE., OAK PARK, IL

Class I is not impaired, and therefore the creditor with the Class I claim is not entitled to vote on Debtors' Plain since the Class I creditor is presumed to accept Debtors' Plan. The Debtors intend to abandon the real property located at 842 N. Oak Park Ave., Oak Park, IL. Creditors whose claims are secured by this property will be satisfied through possession and sale of the property.

### CLASS II CLAIMS: ALLOWED CLAIM OF E*TRADE SECURED BY REAL PROPERTY LOCATED AT 842 N. OAK PARK AVE., OAK PARK, IL

Class II is not impaired, and therefore the creditor with the Class II claim is not entitled to vote on Debtors' Plain since the Class II creditor is presumed to accept Debtors' Plan. The Debtors intend to abandon the real property located at 842 N. Oak Park Ave., Oak Park, IL. Creditors whose claims are secured by this property will be satisfied through possession and sale of the property.

### CLASS III CLAIMS: ALLOWED CLAIMS SECURED BY REAL PROPERTY LOCATED AT 1897 ALMAGRO LANE, ESCONDIDO, CA

Class III is not impaired, and therefore creditors with claims in Class III are not entitled to vote on Debtors' Plan since Creditors in Class III are presumed to accept Debtors' Plan.

The Debtors intend to abandon the real property located at 1897 Almagro Lane, Escondido, CA. Creditors whose claims are secured by this property will be satisfied through possession and sale of the property.

### CLASS IV CLAIMS: ALLOWED CLAIMS ENTITLED TO PRIORITY BY THE BANKRUPTCY CODE, 11 U.S.C. §§ 507(a)(1)-(10)

Class IV is unimpaired and Class IV claimants are presumed to accept the Debtors' Plan. The United States Internal Revenue Services filed Proof of Claim No. 4-1, claiming a unsecured priority claim of $48,232.00 for unpaid taxes of penalties owed to a governmental unit pursuant to § 507(a)(8). To the extent this claim is allowed as a Class IV claim against the Debtors, it will be paid in full during the Plan, prior to any distributions to holders of Class V Claims.

### CLASS V CLAIMS: ALLOWED GENERAL UNSECURED CLAIMS NOT ENTITLED TO PRIORITY

Holders of Class V claims are impaired, and are therefore entitled to vote on Debtors' Plan. The following table indicates that creditors who possess general unsecured claims without priority, and that Debtors' intentions regarding each creditor. To the extent these claims are allowed, they will be paid pro rata pursuant to the Plan.

| CREDITOR | AMOUNT | CLAIM NO. | CLASSIFICATION | DEBTORS' INTENT |
|---|---|---|---|---|
| Discover Bank | $5,899.72 | 1-1 | Class V | No Objection |
| Discover Bank | $12,222.36 | 2-1 | Class V | No Objection |
| IRS | $8,939.00 | 4-1 | Class V | No Objection |
| American Express Centurion Bank | $25,808.97 | 6-1 | Class V | No Objection |
| Chase Bank | $30,130.66 | 7-1 | Class V | No Objection |
| American Express Travel | $4,625.24 | 8-1 | Class V | No Objection |
| Discover Student Loans | $26,000.00 | 9-1 | Class V | No Objection |
| Citi | $13,538.00 | Schedule F | Class V | No Objection |
| CitiFinancial Retail | $3,800.00 | Schedule F | Class V | No Objection |
| Law Offices of | $5,520.00 | Schedule F | Class V | No Objection |

8

| Jeffry Leving | | | | |
|---|---|---|---|---|
| Orange County Credit Union | $500.00 | Schedule F | Class V | No Objection |

**TREATMENT OF CLAIMS BY THE PLAN**

The unclassified claims of the Debtors' Attorneys and the United States Trustee will be paid from the Debtors' incomes. All fees of the United States Trustee will be paid prior to confirmation. Fees awarded to Debtors' attorneys will be paid in full in incriments of 16.66% per month during the first 6 months of the plan. The Debtors estimate there are sufficient funds to pay holders of Class I, II, IV, Claims 100% of their allowed claims. Class III claims will be satisfied through repossession of Debtors' property securing those Class III claims. Class V claims will be paid 10% of their allowed claims during the fifth year fo the plan.

**THE PLAN IS FAIR**

The Debtors assert that their Plan is feasible and fair. If creditors do not consent to it, the Debtor will nevertheless ask the Court to confirm is under §1129(b). A liquidation analysis is attached hereto as **Exhibit A**. In summary, it shows that the total liquidation value of the Debtors' assets is as follows:

| ITEM | FMV | LIQUIDATION VALUE |
|---|---|---|
| Real Property | | |
|     Oak Park | $552,000 | $450,000 |
|     Almagro | $468,000 | $300,000 |
| Personal Property | $31,455.28 | $31,455.28 |
| TOTAL FAIR MARKET VALUE OF ASSETS | $1,051,455.28 | |
| TOTAL LIQUIDATION VALUE OF ASSETS | | $781,455.28 |

The following secured Claims and Administrative Priority Claims that would need to be satisfied before any funds would be paid to unsecured creditors:

| CLAIMANT | ESTIMATED AMOUNT |
|---|---|
| Secured Claim No. 3-1 of GMAC Mortgage | $553,598.30 |
| Secured Claim No. 5-1 of E*Trade | $249,631.32 |
| Secured Claim No. 10-1 of E*Trade | $58,574.73 |
| Secured Claim of Countrywide Home Landing | $491,324.00 |
| Priority Claim No. 4-1 of the IRS | $48,232.00 |
| Estimated Debtors' Bankruptcy Counsel | $10,000 |
| Estimated Chapter 7 Trustee Fees | $5,000 |
| **TOTAL SECURED, PRIORITY, AND ADMINISTRATIVE CLAIMS** | **$1,416,360.35** |

Before unsecured creditors would be paid any money, all claimants with a higher priority under 11 U.S.C. § 507(a) must be paid in full from the proceeds of liquidation by a chapter 7 trustee. Under the above liquidation analysis, after claimants with higher priorities are paid, there would be $0.00 available to pay general unsecured creditors without priority. Under Debtors' plan, unsecured creditors will receive up to 10% of their allowed claims.

The Debtors have filed operating reports for the months of October 2009 through December 2009, with January 2010 being unavailable until mid February. The monthly summaries indicate income of $4,082.52 for October, $4,925.79 for November, and $11,229.08 for December. The monthly average of income during the four months is $6,745.79. Debtors' most recent operating report for December is attached hereto as **Exhibit B**.

The Debtors' Three Year Projection of Income and Expenses as required by Local Rule 3016, is attached hereto as **Exhibit C**. Exhibit C indicates that the Debtor anticipates total gross revenue of $160,000 for Year 1, $160,000 for Year 2, and $160,000 for Year 3. As is set forth in full detail in Exhibit C hereto, the Debtor estimates that it will have funds available for plan

10

payments in the following amounts; $24,370 for Year 1, $22,600 for Year 2, and $22,600 for Year 3. Projected plan payments are set forth in Exhibit C, attached hereto. These figures represent estimates; actual plan payments may increase or decrease depending on rental income fluctuations and on the speed of the sales of the condominium units.

## VIII. THE PURPOSE OF THIS DISCLOSURE STATEMENT

Together with this Disclosure Statement, Debtors have filed with the Court his proposed Plan of Reorganization. The purpose of this Disclosure Statement is to provide each creditor with a description of the Plan to aid her/him in making an informed decision as to whether to accept or reject the Plan. Each creditor in an impaired class is entitled to vote on acceptance of the Plan. A copy of the Plan accompanies this Disclosure Statement. THE DISCLOSURE STATEMENT PROVIDES A BRIEF SUMMARY OF THE PLAN AND OTHER INFORMATION WITH RESPECT THERETO AND IS NOT INTENDED TO TAKE THE PLACE OF THE PLAN. EACH CREDITOR IS URGED TO STUDY THE PLAN IN FULL AND TO CONSULT WITH COUNSEL WITH RESPECT TO THE PLAN AND his EFFECT ON HIS RIGHTS.

The Court will set a date for a hearing on the confirmation of the Plan. Creditors may vote on the Plan by filing out and mailing the accompanying Ballot for Accepting or Rejecting The Plan to: Closing Department, 7th Floor Dirksen Building: 219 South Dearborn St., Chicago, IL 60604. In order for the Plan to be accepted, claimants holding at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the allowed claims in impaired classes who vote, must vote in favor of the Plan. The Plan might be confirmed with the acceptance of one Class of Claimants as described hereafter in the final paragraph.

NO REPRESENTATIONS CONCERNING THE DEBTORS ARE AUTHORIZED EXCEPT AS SET FORTH IN THIS STATEMENT.  ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO THE OFFICE OF THE UNITED STATES TRUSTEE WHICH, IN TURN, SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO CERTIFIED AUDIT.  THE DEBTORS DO NOT WARRANT OR REPRESENT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH CONSIDERABLE EFFORT HAS BEEN MADE TO BE ACCURATE.

Debtors have proposed his Plan of Reorganization in good faith and in compliance with the applicable provisions of the Bankruptcy Code.  Regardless of the results of voting under any class of claims, Debtors may ask the Court to confirm the Plan of Reorganization which can occur as provided by law if the Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to the rejecting creditors described is such class.  This option can occur only if the Court makes the requisite findings after being presented with supporting evidence.

    Respectfully submitted,

    CHRISTOPHER EVANS and
       JUNE LICATA-EVANS

    By:  /s/ Philip Groben
       One of their attorneys

Forrest L. Ingram
Philip Groben
Vik Chaudhry
Michael V. Ohlman
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900
Chicago, IL 60603-4907
(312) 759-2838
Atty. No. 3129032