**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHRISTOPHER M. EVANS and. | ) | Judge Jack B. Schmetterer |
| JUNE R. LICATA-EVANS | ) | |
| | ) | Case No. 09-40000 |
| Debtors and Debtors in Possession. | ) | |
| | ) | Hearing: February 9, 2010 |

**AMENDED DISCLOSURE STATEMENT FOR THE DEBTORS' PLAN PURSUANT TO
CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

This Amended Disclosure Statement ("Disclosure Statement") is filed by Debtors

Christopher M. Evans and June R. Licata-Evans (collectively referred to as "Debtors"), dated

February 17, 2010, in connection with the Debtors' Amended Plan of Reorganization ("Plan")

also filed by the Debtors on February 17, 2010.  This Disclosure Statement is intended to provide

creditors with information of a kind and in sufficient detail of the Debtors' history and of the

condition of Debtors' books and records to allow creditors to make an informed judgment when

voting on the Plan.  Creditors are advised that, after review, the Court may approve the

Disclosure Statement, but such approval does not constitute endorsement.

## I. SUMMARY:

On October 23, 2009 (the "Petition Date), Debtors filed a voluntary petition under

chapter 11 of the United States Bankruptcy Code (the "Code").  The Debtors remains in

possession of their assets and continue to generate income pursuant to Code sections 1107 and

1108.  Christopher Evans is currently employed by Adobe Systems, Inc.  June Licata-Evans is

currently unemployed.

The Debtors are proposing a five year plan of reorganization.  The Plan will be funded

from future revenues generated from the employment of Christopher Evans ad June Licata

Evans.  Pursuant to the plan, the Debtors will be the disbursing agent.  In the Plan, claims are

divided into Unclassified, Class I, Class II, Class III, Class IV, and Class V.  A summary of

treatment of the Classes is shown below:

| CLASS | PLAN TREATMENT | PROJECTED RECOVERY | STATUS | VOTING RIGHTS |
|---|---|---|---|---|
| Administrative claims | Payment in full in case | 100% | N/A | N/A |
| Class I – Claim of GMAC Mortgage, LLC secured by real property located at 842 N. Oak Park Ave., Oak Park, IL | Property is to be surrendered and secured claim satisfied in full through repossession of property | 100% | Unimpaired | No (presumed to accept) |
| Class II – Claim of Countrywide Home Lending secured by real property located at 1897 Almagro Lane | Property is to be surrendered and secured claim satisfied in full through repossession of property | 100% | Unimpaired | No (presumed to accept) |
| Class III - Claims of E*Trade secured by real property located at 1897 Almagro Lane, Escondido, CA and 842 N. Oak Park Ave., Oak Park, IL | Property securing claims is to be surrendered and claims, to the extent they are secured by Debtors' real property, will be satisfied through repossession of property | 100% | Unimpaired | No (presumed to accept) |
| Class IV – Priority creditors | Payment in full through operation of plan | 100% | Unimpaired (paid in full) | No (Presumed to accept) |
| Class V – General unsecured creditors | Pro rata share of distributions | 5% | Impaired | Yes |

Creditors who have been listed on Debtors' schedules, but have not filed proofs of claim and have not been listed as "disputed, unliquidated, or contingent," will be paid according to the claim amount listed in the Debtors' schedules, unless the Debtor objects to the claim within the time set forth in the Debtors' plan.

Class I is comprised of the secured claims 3-1 of GMAC Mortgage, LLC.  Claim 3-1 is secured by the Debtors' residence located at 842 N. Oak Park Ave., Oak Park, IL.  Debtors intend to surrender this property to GMAC Mortgage, LLC in full repayment of GMAC Mortgage, LLC's claim against the estate.

Class II is comprised of the scheduled claim of Countrywide Home Lending. Countrywide Home Lending is secured by real property located at 1897 Almagro Lane, Escondido, CA.  Debtors intend to surrender this property to Countrywide Home Lending in full repayment of Countrywide Home Lending's claim against the estate.

Class III is comprised of two secured claims: 10-1 filed by E*Trade  and Claim 5-1 filed by E*Trade.  Both claims are secured by real property; 10-1 by property located at 842 N. Oak Park Ave., Oak Park, IL, and 5-1 by property located at1897 Almagro Lane, Escondido, CA. Debtors intent to surrender both properties to the secured lenders.  To the extent that Class III claims are allowed, and found to be secured by Debtors' real property, the holder of all allowed Class III claims will have its secured claims satisfied in full from the sale of the collateral securing the obligation.

Class IV claims comprise all of the Unsecured Claims Entitled to Priority by the Bankruptcy Code, 11 U.S.C. §§ 507(a)(1) through (a)(10), to the extent that they are allowed.

Class V claims are the General Unsecured Claims not entitled to Priority (excluding Unclassified Claims as defined in the Debtors' Plan) to the extent they are allowed. Class V claims will receive payments of approximately 5% of the allowed claims only after the holders of Class I, II, III, and IV claims are paid in full for their allowed claims, including interest accrued on Class I, II, and III claims, if appropriate.

## II. FINANCIAL DIFFICULTIES AND BACKGROUND OF DEBTORS

In March, 2001, stock options in the form of 8000 shares of Adobe Systems, Inc. stock were granted to the Debtors; the stock fully vested in March, 2009. In August 2007, the Debtors moved from Escondido, California to Oak Park, Illinois after June Licata-Evans was accepted to The School of the Art Institute of Chicago on scholarship. The California home was kept as a long term investment. Within six months of leaving California, the real estate bubble burst. As the economy continued to worsen, the shares of Adobe Systems, Inc. also plummeted in value. The Debtors were forced to take on a large debt load in order to compensate for the decrease in asset value, and to keep their finances afloat until the Adobe Systems, Inc. shares vested.

## III. POST-PETITION ACTIVITIES

After filing a petition for relief under Chapter 11 of the Bankruptcy Code, the Debtors have maintained their residences and family operations.

**INSURANCE:** The Debtors are current with all post-petition premium payments for property and liability insurance.

**UTILITIES:** The Debtors are current with all post-petition utility payments.

**TAXES:** The Debtors are current with all post-petition taxes.

## IV: ASSETS

The following is a summary of the Debtors' assets at the time of filing:

4

**REAL ESTATE:**  The Debtors owned the following real property: 842 North Oak Park Ave., Oak Park, IL which has an estimated fair market value of $553,500 and 1897 Almagro Lane, Escondido, CA which has an estimated fair market value of $468,000.  Debtors intend to surrender 842 North Oak Park Ave., Oak Park, IL to GMAC Mortgage and E*Trade in the first half of 2010.  Debtors intend to immediately surrender 1897 Almagro Lane, Escondido, CA to Countrywide Home Lending and E*Trade.

**OPERATING ACCOUNTS:**  The Debtor had a total of $3,920.28 in its operating accounts at the time of filing.  Those funds have been expended.

### V: CLAIMS AND CREDITORS

**PROOFS OF CLAIM:**  The following is a summary of the Proofs of Claim filed with the Clerk of the Bankruptcy Court against the Debtors' bankruptcy estate, sorted by claim number:

| CREDITOR NAME | CLAIM NUMBER | SECURED AMOUNT | PRIORITY AMOUNT | GENERAL UNSECURED | REMARKS |
|---|---|---|---|---|---|
| Discover Bank | 1-1 | $       0.00 | $       0.00 | $      5,899.72 | No Objection |
| Discover Bank | 2-1 | $       0.00 | $       0.00 | $     12,222.36 | No Objection |
| GMAC Mortgage, LLC | 3-1 | $553,598.60 | $       0.00 | $          0.00 | No Objection |
| IRS | 4-1 | $       0.00 | $ 48,232.00 | $      8,939.00 | No Objection |
| CLC Consumer Services (ETrade) | 5-1 | $249.631.32 | $       0.00 | | Objection |
| American Express Centurion Bank | 6-1 | $       0.00 | $       0.00 | $     25,808.97 | No Objection |
| Chase Bank | 7-1 | $       0.00 | $       0.00 | $     30,130.06 | No Objection |
| American Express Travel Services | 8-1 | $       0.00 | $       0.00 | $      4,625.24 | No Objection |
| Discover Student Loans | 9-1 | $       0.00 | $       0.00 | $     26,000.00 | No Objection |
| Consumer Services (ETrade) | 10-1 | $58574.73 | $       0.00 | $          0.00 | Objection |

**DISPUTED CLAIMS:**  The only claim listed in Debtors' schedules as being either "contingent, unliquidated, or disputed" is that of Nicor Gas for a claim amount of $297.00.  The holder of that claim has not filed a proof of claim within the required time; therefore, pursuant to Bankruptcy Rule 3003(c)(2), the holder of that claim will not be entitled to vote or receive any distribution.

**CLAIMS OF CREDITORS THAT FILED NO PROOF OF CLAIM:**  Claims of governmental units that arose prior to the petition date must be filed by 180 days after the order for relief, and all other claims that arose prior to the case filing date were due to be filed by January 23, 2010.  If a claim was scheduled by the Debtors as "disputed," "unliquidated," or "contingent" then the Debtors will object to any late filed proof of claim.

**CLASSIFICATION OF CLAIMS:**  Unclassified Claims consist of Administrative Claims including, but not limited to: (a) claim of Debtors' Attorneys, in an amount as yet undetermined, but estimated at approximately $10,000.00; and (b) the statutory fees owing to the U.S. Trustee, in an amount as yet undetermined, but expected to be current at time of confirmation.

The remaining actual claims fall into the following classification, sorted by claim Classification:

| CREDITOR | AMOUNT | CLAIM NO. | CLASSIFICATION | REMARKS |
|---|---|---|---|---|
| GMAC Mortgage | $553,598.30 | 3-1 | Class I | No Objection |
| Countrywide Home Lending | $491,324.00 | 10-1 | Class II | No Objection |
| E*Trade | $58,874.73 | N/A | Class III | Objection |
| E*Trade | $249,631.32 | 5-1 | Class III | Objection |
| IRS | $48,232.00 | 4-1 | Class IV | No Objection |
| Discover Bank | $5,899.72 | 1-1 | Class V | No Objection |
| Discover Bank | $12,222.36 | 2-1 | Class V | No Objection |
| IRS | $8,939.00 | 4-1 | Class V | No Objection |
| American Express Centurion Bank | $25,808.97 | 6-1 | Class V | No Objection |

| Chase Bank | $30,130.66 | 7-1 | Class V | No Objection |
|---|---|---|---|---|
| American Express Travel | $4,625.24 | 8-1 | Class V | No Objection |
| Discover Student Loans | $26,000.00 | 9-1 | Class V | No Objection |
| Citi | $13,538.00 | N/A | Class V | No Objection |
| CitiFinancial Retail | $3,800.00 | N/A | Class V | No Objection |
| Law Offices of Jeffry Leving | $5,520.00 | N/A | Class V | No Objection |
| Orange County Credit Union | $500.00 | N/A | Class V | No Objection |
| Nicor Gas | $297.00 | N/A | N/A | Disputed Claim |

## VI. THE PLAN

The Debtors expect to continue in their day–to-day activities of working and maintaining their family, having proposed in good faith a feasible plan under § 1129(a) to satisfy their secured creditors, priority unsecured creditors, and general unsecured creditors, and other holders of allowed claims.  The plan provides that, should the Debtors fail to obtain the votes requires to confirm a consensual plan, they will nevertheless ask the Court to confirm the plan under § 1129(b) as being fair, reasonable, and in accordance with Code provision.

### CLASS I CLAIM: ALLOWED CLAIM OF GMAC MORTGAGE SECURED BY REAL PROPERTY LOCATED AT 842 N. OAK PARK AVE., OAK PARK, IL

Class I is not impaired, and therefore the Class I claimant is not entitled to vote on Debtors' Plan but is presumed to accept Debtors' Plan.  GMAC Mortgage, LLC holds the only Class I claim.  It is secured by real property located at 842 N. Oak Park Ave., Oak Park, IL. GMAC Mortgage, LLC filed Proof of Claim 3-1 which lists a secured claim in the amount of $553,598.30.  The current value of the property is $553,500.00, and the Debtor will surrender the property in full repayment of Class I claim.

### CLASS II CLAIMS: ALLOWED CLAIM OF COUNTRYWIDE HOME LENDING SECURED BY REAL PROPERTY LOCATED AT 1897 ALMAGRO LANE, ESCONDIDO, CA

Class II is not impaired, and therefore the Class II claimant is not entitled to vote on Debtors' Plan but is presumed to accept Debtors' Plan. Countrywide Home Lending holds the only Class II claim. It is secured by real property located at 1897 Almagro Lane, Escondido, CA. Countrywide Home Lending has a scheduled claim in the amount of $491,324.00. The Current value of the property of given as $468,000.00, and the Debtors will surrender the property in full repayment of the Class II claim.

### CLASS III CLAIMS: ALLOWED CLAIMS SECURED BY E*TRADE AND SECURED BY REAL PROPERTY LOCATED AT 842 N. OAK PARK AVE., OAK PARK, IL AND 1897 ALMAGRO LANE, ESCONDIDO, CA

Class III is not impaired, and therefore creditors with claims in Class III are not entitled to vote on Debtors' Plan since Creditors in Class III are presumed to accept Debtors' Plan. E*Trade holds two claims secured by property of the Debtor. Proof of Claim10-1 is secured by property located at 842 N. Oak Park Ave., Oak Park, IL. Proof of Claim 5-1 is secured by property located at 1897 Almagro Lane, Escondido, CA. To the extent that Class III claims are allowed and secured by Debtors' real property, they will be satisfied in full through the Debtors surrendering the collateral.

Both Claim 10-1 and 5-1 are junior secured claims. Due to the size of the claims securing the senior liens upon the properties, there may be no equity in the properties to secure the junior lien holder, E*Trade. The Debtors intend to object to the extent and validity of Class III liens. If the holder of Class III claims are granted leave to amend their Proofs of Claim to assert only an unsecured claim, the Debtors reserve their right to object to the claims of E*Trade for 60 days after the filing of an amended Proof of Claim.

**CLASS IV CLAIMS: ALLOWED CLAIMS ENTITLED TO PRIORITY BY THE BANKRUPTCY CODE, 11 U.S.C. §§ 507(a)(1)-(10)**

Class IV is unimpaired and Class IV claimants are presumed to accept the Debtors' Plan. The United States Internal Revenue Services filed Proof of Claim No. 4-1, claiming a unsecured priority claim of $48,232.00 for unpaid taxes of penalties owed to a governmental unit pursuant to § 507(a)(8). To the extent this claim is allowed as a Class IV claim against the Debtors, it will be paid in full during the Plan, prior to any distributions to holders of Class V Claims.

**CLASS V CLAIMS: ALLOWED GENERAL UNSECURED CLAIMS NOT ENTITLED TO PRIORITY**

Holders of Class V claims are impaired, and are therefore entitled to vote on Debtors' Plan. The following table lists those creditors who possess general unsecured claims without priority, and state the Debtors' intentions regarding each creditor. To the extent these claims are allowed, they will be paid pro rata pursuant to the Plan.

| CREDITOR | AMOUNT | CLAIM NO. | CLASSIFICATION | DEBTORS' INTENT |
|---|---|---|---|---|
| Discover Bank | $5,899.72 | 1-1 | Class V | No Objection |
| Discover Bank | $12,222.36 | 2-1 | Class V | No Objection |
| IRS | $8,939.00 | 4-1 | Class V | No Objection |
| American Express Centurion Bank | $25,808.97 | 6-1 | Class V | No Objection |
| Chase Bank | $30,130.66 | 7-1 | Class V | No Objection |
| American Express Travel | $4,625.24 | 8-1 | Class V | No Objection |
| Discover Student Loans | $26,000.00 | 9-1 | Class V | No Objection |
| Citi | $13,538.00 | Schedule F | Class V | No Objection |
| CitiFinancial Retail | $3,800.00 | Schedule F | Class V | No Objection |
| Law Offices of Jeffry Leving | $5,520.00 | Schedule F | Class V | No Objection |
| Orange County Credit Union | $500.00 | Schedule F | Class V | No Objection |

## TREATMENT OF CLAIMS BY THE PLAN

The unclassified claims of the Debtors' Attorneys and the United States Trustee will be paid from the Debtors' incomes.  All fees of the United States Trustee will be paid prior to confirmation.  Fees awarded to Debtors' attorneys will be paid in full in increments of 16.66% per month during the first 6 months of the plan, or sooner if possible.  The Debtors estimate there are sufficient funds to satisfy in full the allowed claims of holders of Class I, II, and  IV claims.  Class III claims will be satisfied from sale proceeds of the Debtors' properties securing those Class III claims.  Class V claims will be paid approximately 5% of their allowed claims, pro rata, during the fifth year of the plan.

## THE PLAN IS FAIR

The Debtors assert that their Plan is feasible and fair.  If creditors do not consent to it, the Debtors will nevertheless ask the Court to confirm is under §1129(b).  A liquidation analysis is attached hereto as **Exhibit A**.  In summary, it shows that the total liquidation value of the Debtors' assets is as follows:

| ITEM | FMV | LIQUIDATION VALUE |
|---|---|---|
| Real Property | | |
|     Oak Park | $552,000 | $450,000 |
|     Almagro | $468,000 | $300,000 |
| Personal Property | $31,455.28 | $31,455.28 |
| TOTAL FAIR MARKET VALUE OF ASSETS | $1,051,455.28 | |
| TOTAL LIQUIDATION VALUE OF ASSETS | | $781,455.28 |

The following secured Claims and Administrative Priority Claims that would need to be satisfied before any funds would be paid to unsecured creditors:

| CLAIMANT | ESTIMATED AMOUNT |
|---|---|
| Secured Claim No. 3-1 of GMAC Mortgage | $553,598.30 |

| | |
|---|---|
| Secured Claim No. 5-1 of E*Trade | $249,631.32 |
| Secured Claim No. 10-1 of E*Trade | $58,574.73 |
| Secured Claim of Countrywide Home Landing | $491,324.00 |
| Priority Claim No. 4-1 of the IRS | $48,232.00 |
| Estimated Debtors' Bankruptcy Counsel | $10,000 |
| Estimated Chapter 7 Trustee Fees | $5,000 |
| **TOTAL SECURED, PRIORITY, AND ADMINISTRATIVE CLAIMS** | **$1,416,360.35** |

Before unsecured creditors would be paid any money, all claimants with a higher priority under 11 U.S.C. § 507(a) must be paid in full from the proceeds of liquidation by a chapter 7 trustee. Under the above liquidation analysis, after claimants with higher priorities are paid, there would be $0.00 available to pay general unsecured creditors without priority. Under Debtors' plan, unsecured creditors will receive up to 5% of their allowed claims.

The Debtor has filed operating reports for the months of October 2009 through December 2009, with January 2010 being unavailable until mid February. The monthly summaries indicate income of $4,925.79 for November, $11,229.08 for December, and $7,016.88 for January. The monthly average of income during the four months is $7,723.19. Debtors' most recent operating report for January is attached hereto as **Exhibit B**.

The Debtors' Three-Year Projection of Income and Expenses is attached hereto as **Exhibit C**. Exhibit C indicates that the Debtors anticipate total gross revenue of $151,770 for Year 1, $140,000 for Year 2, and $140,000 for Year 3. As is set forth in full detail in Exhibit C hereto, the Debtors estimate they will have funds available for plan payments in the following amounts; $11,030 for Year 1, $9,260 for Year 2, and $9,260 for Year 3. Projected plan

payments are set forth in Exhibit C, attached hereto.  These figures represent estimates; actual

plan payments may increase or decrease depending on income.

## VIII. THE PURPOSE OF THIS DISCLOSURE STATEMENT

Together with this Disclosure Statement, Debtors have filed with the Court their

proposed Plan of Reorganization.  The purpose of this Disclosure Statement is to provide each

creditor with a description of the Plan to aid her/him in making an informed decision as to

whether to accept or reject the Plan.  Each creditor in an impaired class is entitled to vote on

acceptance of the Plan.  A copy of the Plan accompanies this Disclosure Statement.  THE

DISCLOSURE STATEMENT PROVIDES A BRIEF SUMMARY OF THE PLAN AND

OTHER INFORMATION WITH RESPECT THERETO AND IS NOT INTENDED TO TAKE

THE PLACE OF THE PLAN.  EACH CREDITOR IS URGED TO STUDY THE PLAN IN

FULL AND TO CONSULT WITH COUNSEL WITH RESPECT TO THE PLAN AND his

EFFECT ON HIS RIGHTS.

The Court will set a date for a hearing on the confirmation of the Plan.  Creditors may

vote on the Plan by filing out and mailing the accompanying Ballot for Accepting or Rejecting

The Plan to:  Closing Department, 7th Floor Dirksen Building: 219 South Dearborn St., Chicago,

IL 60604.  In order for the Plan to be accepted, claimants holding at least two-thirds (2/3) in

amount and more than one-half (1/2) in number of the allowed claims in impaired classes who

vote, must vote in favor of the Plan.  The Plan might be confirmed with the acceptance of one

Class of Claimants as described hereafter in the final paragraph.

NO REPRESENTATIONS CONCERNING THE DEBTORS ARE AUTHORIZED

EXCEPT AS SET FORTH IN THIS STATEMENT.  ANY REPRESENTATIONS OR

INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN

AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN

ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND

INDUCEMENTS SHOULD BE REPORTED TO THE OFFICE OF THE UNITED STATES

TRUSTEE WHICH, IN TURN, SHALL DELIVER SUCH INFORMATION TO THE

BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO

CERTIFIED AUDIT.  THE DEBTORS DO NOT WARRANT OR REPRESENT THE

INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH

CONSIDERABLE EFFORT HAS BEEN MADE TO BE ACCURATE.

Debtors have proposed his Plan of Reorganization in good faith and in compliance with

the applicable provisions of the Bankruptcy Code.  Regardless of the results of voting under any

class of claims, Debtors may ask the Court to confirm the Plan of Reorganization which can

occur as provided by law if the Court finds that the Plan does not discriminate unfairly and is fair

and equitable with respect to the rejecting creditors described is such class.  This option can

occur only if the Court makes the requisite findings after being presented with supporting

evidence.

Respectfully submitted,

CHRISTOPHER EVANS and
        JUNE LICATA-EVANS

By:    /s/ Philip Groben
          One of their attorneys

Forrest L. Ingram #3129032
Philip Groben #6299914
Michael V. Ohlman
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900
Chicago, IL 60603-4907

(312) 759-2838